UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONNY BROSKEY, #242074,

        Petitioner,

v.

        CASE NO. 2:23-CV-10138
        HONORABLE NANCY G. EDMUNDS

MATT MACAULEY,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.  INTRODUCTION**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Sonny Broskey ("Petitioner") was convicted of four counts of first-degree criminal sexual conduct (person under 13), Mich. Comp. Laws § 750.520b(1)(a); and one count of second-degree criminal sexual conduct (person under 13), Mich. Comp. Laws § 750.520c(1)(a), following a jury trial in the Clinton County Circuit Court.  He was sentenced, as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of 50 to 90 years imprisonment on those convictions in 2019.  In his pleadings, Petitioner raises claims concerning his actual innocence/the sufficiency of the evidence and the effectiveness of appellate counsel.  For the reasons set forth, the Court concludes that Petitioner has not exhausted state court remedies as to his habeas claims and dismisses without prejudice the habeas petition.  The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## ii.  PROCEDURAL HISTORY

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the effectiveness of trial counsel. The Michigan Court of Appeals denied relief on those claims and affirmed his convictions. *People v. Broskey*, No. 351247, 2021 WL 1706339 (Mich. Ct. App. Apr. 29, 2021) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Broskey*, 508 Mich. 955, 964 N.W.2d 587 (2021).

Petitioner dated his federal habeas petition on January 5, 2023. He raises the following claims:

> I.  Actual Innocence/Insufficiency of the Evidence.
>
> II. Ineffective Assistance fo Appellate Counsel - Failure to Present Claim of Insufficiency of the Evidence.

ECF No. 1, PageID.17. Petitioner states that he has a motion for relief from judgment under Michigan Court Rule 6.500 pending in the Clinton County Circuit Court concerning his convictions. *Id*. at PageID.12.

## III.  ANALYSIS

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id*., *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)

(district court has duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies.  *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts.  The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts.  *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).  The claims must also be presented to the state courts as federal constitutional issues.  *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

Petitioner fails to meet his burden of demonstrating exhaustion of state court remedies.  He admits that he has not exhausted his habeas claims in the state courts and states that he has a motion for relief from judgment pending in the state trial court.

Petitioner must complete the state court process and fully exhaust his state remedies before seeking habeas relief in federal court.  See *Tate v. Harry*, No. 1:08-CV-12347, 2011 WL 6152289, *1 (E.D. Mich. Dec. 12, 2011) (citing *Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006)).  Federal law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication resulted in a decision that is contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.  28 U.S.C. § 2254(d).  The state courts must first be given a fair opportunity to rule upon Petitioner's claims before he can proceed in federal court.  Otherwise, this Court cannot apply the standard of § 2254.  Additionally, the state court proceedings may result in the reversal of Petitioner's convictions, thereby mooting the federal questions presented.  See *Tate*, *supra*; *Humphrey v. Scutt*, No. 08–CV–14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing cases)).

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).  Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless."  *Id*. at 277.

In this case, Petitioner does not request a stay nor indicate that his circumstances justify a stay.  Moreover, a stay is inappropriate.  Both of Petitioner's habeas claims are

unexhausted. The Court cannot ordinarily stay a habeas petition containing only unexhausted claims. In such a case, a non-prejudicial dismissal of the habeas petition is appropriate. *See Whitmore v. Braman*, No. 2:22-CV-11810, 2022 WL 4088178, *2 (E.D. Mich. Sept. 6, 2022) (citing cases and dismissing petition); *Hull v. Macauley*, No. 2:22-CV-11318, 2022 WL 2230443, *2 (E.D. Mich. June 21, 2022) (same); *Bentley v. Miniard*, No. 4:21-CV-10303, 2021 WL 963931, *3 (E.D. Mich. Mar. 15, 2021) (same); *White v. Winn*, No. 2:16-CV-13177, 2017 WL 1532266, *2 (E.D. Mich. April 25, 2017) (citing cases); *Hines v. Romanowski*, No. 2:14-CV-13983, 2014 WL 5420135, *2 (E.D. Mich. Oct. 22, 2014) (dismissing case where all claims were unexhausted); *Wilson v. Warren*, No. 06-CV-15508, 2007 WL 37756, *2 (E.D. Mich. Jan.4, 2007) ("a stay of petitioner's application for a writ of habeas corpus would be inappropriate because all of petitioner's claims are unexhausted and thus the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court"); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (*Rhines* stay and abeyance rule does not apply to a petition alleging only unexhausted claims); *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006) ("[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice...."); *McDonald v. Bell*, No. 1:06-cv-406, 2009 WL 1525970 (W.D. Mich. June 1, 2009) (concluding that the stay and abeyance procedure does not apply to a petition containing only unexhausted claims); *Mimms v. Russell*, No. 1:08-cv-79, 2009 WL 890509 (S.D. Ohio March 31, 2009) (habeas petition subject to dismissal where petitioner did not exhaust state court remedies on any of his habeas claims); *Murphy v. Feneis*, No. 07-153, 2007 WL 2320540, *7 (D. Minn. Aug.10, 2007) ("Given the narrow issue before the Supreme Court regarding mixed petitions, this Court

refuses to extend *Rhines* to allow a court to stay a habeas petition, so that a petitioner can exhaust his state remedies, where, as here, the petition contains only unexhausted claims."). A stay is thus unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

## IV.  CONCLUSION

For the reasons stated, the Court concludes that Petitioner has not exhausted state court remedies as to his habeas claims and that a stay of the proceedings is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of the claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

                                              s/ Nancy G. Edmunds
                                              NANCY G. EDMUNDS
                                              UNITED STATES DISTRICT JUDGE

Dated:  February 21, 2023